# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                              |                          |
|------------------------------|--------------------------|
| MIHIR DHIMAR,                |                          |
|     Plaintiff, | Civil No. 22-2175-PJM |
| v.                           |                          |
| ANTHONY J. BLINKEN, et al.,  |                          |
|     Defendants. |                   |

## MEMORANDUM OPINION

Plaintiff Mihir Dhimar, an Indian national currently located overseas, has sued U.S. officials for what he alleges is unreasonable delay by U.S. consulates in processing his visa.[1] Defendants seek to dismiss Dhimar's case for improper venue or, in the alternative, to transfer it to the District of Columbia or North Carolina (ECF No. 4). Having reviewed the parties' briefing, no hearing being necessary, the Court **GRANTS** Defendants' Motion to Transfer and will **ORDER** that the case be **TRANSFERRED** to the United States District Court for the District of Columbia. Defendants' Motion to Dismiss (ECF No. 4) is **DENIED AS MOOT**.

## I. BACKGROUND

This case concerns the process for issuing non-immigrant visas to individuals residing outside the United States. Such visas are adjudicated by U.S. consular officers, who either grant or refuse the application. In some cases of denial, the officer may determine that additional

---

[1] Dhimar's case is the sole remaining one out of more than 40 other lawsuits filed with this Court by the same counsel all making substantially the same allegations. The other cases have been voluntarily transferred to the U.S. District Court for the District of Columbia or voluntarily dismissed. Indeed, those 40-odd cases are only the latest in a series of suits challenging allegedly unreasonable delay in adjudicating vias and that have sought adjudication in this District. *See Chakrabarti v. USCIS*, No. 1:21-cv-1945-PJM, 2021 WL 4458899 (D. Md. Sept. 9, 2021); *Hasan v. Garland*, No. 22-cv-00767-LKG, ECF 10 (D. Md.).

information from sources other than the applicant may help establish his or her eligibility for a visa. This additional review, referred to as "administrative processing," involves input from several U.S. Government agencies and can extend the wait time for a decision by many months.

On January 7, 2022, Dhimar, located in India as of that time, applied to a U.S. consulate there for an H-1B visa, which permits foreign nationals to temporarily work in the U.S. His application was denied pending administrative processing and remains unresolved. As a result, Dhimar has been unable to return to the United States to continue his employment with a company in North Carolina. He brought this mandamus action in August 2022 with the goal of compelling Defendants to rule on his visa application.

Defendants seek to dismiss Dhimar's lawsuit based on improper venue. They suggest that Dhimar and his counsel engaged in forum shopping and assert that his claim is more appropriately adjudicated in the United States District Court for the District of Columbia, where the U.S. Department of State is located, or in North Carolina, where Dhimar's employer appears to be located.

## II. LEGAL STANDARD

Federal courts are empowered to dismiss or transfer a case if venue is improper in a plaintiff's chosen forum. Fed. R. Civ. P. 12(b)(3). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(3), the plaintiff must make a prima facie showing that venue is proper. See *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). Nonetheless, "all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." *Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005).

## III. DISCUSSION

Defendants contend that Maryland is not the proper jurisdiction to adjudicate Dhimar's claim. His Complaint bases venue on 28 U.S.C. § 1391(b)(3). But, because he names officers of the United States as defendants, the appropriate venue statute here is § 1391(e). *Hasan v. Garland*, No. 22-cv-00767-LKG, ECF 10, p. 3, n.1 (D. Md.). Under that subsection, venue is proper (A) where a defendant in the action resides, (B) where a substantial part of the events or omissions giving rise to the claim occurred, or (C) where Dhimar resides. Dhimar is currently located in India, whereas his Complaint does not establish that any defendant resides in Maryland. Accordingly, venue here can only be proper if "a substantial part of the events or omissions" giving rise to Plaintiffs' claims occurred in Maryland. The sole connection of Dhimar's case to this State is the fact that USCIS is headquartered here. However, as the Court has held before, that fact alone is insufficient to establish proper venue in Maryland. *See Chakrabarti v. USCIS*, No. 1:21-cv-1945-PJM, 2021 WL 4458899, at *4 (D. Md. Sept. 9, 2021); *Hasan*, No. 22-cv-00767-LKG, ECF 10, p. 4.

Having established that Maryland is an improper venue for Dhimar's case, the Court need only decide whether to transfer or dismiss it. "Courts generally favor transfer over dismissal unless 'plaintiff is harassing the defendants or acting in bad faith or forum shopping.'" *Doyle v. McDonough*, No. 20-cv-3478-ELH, 2021 WL 4846938, at *21 (D. Md. Oct. 15, 2021). There is nothing in Dhimar's Complaint that suggests harassment, bad faith, or forum shopping. Accordingly, his case should be sent to a more appropriate jurisdiction.

As to where venue would be proper, federal courts consider "(1) the weight accorded to a plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of justice." *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing*

*Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). With respect to the first factor, the Court reiterates that venue is not appropriate in Maryland merely because USCIS is headquartered here. Regarding the remaining three factors, the Court concludes that this case is best decided in the District of Columbia. The Court's decision to transfer this case to the District of Columbia is not because the U.S. Department of State is headquartered there, but because that is where any U.S.-based records and witnesses are most likely to be located (both Dhimar and the U.S. Consulate responsible for processing his application are overseas). *C.f. Chakrabarti*, 2021 WL 4458899, at *4 (transferring similar cases to jurisdictions corresponding with domestic USCIS field offices actually responsible for processing the visas at issue, because relevant records and witnesses would be located there); *Hasan*, No. 22-cv-00767-LKG, ECF 10, p. 4 (same). The Court is also guided by an apparent agreement between Defendants and counsel for Plaintiff to transfer a significant number of similar visa cases to the District of Columbia, which lends further support to the Court's conclusion.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. This case **SHALL** be **TRANSFERRED** to the United States District Court for the District of Columbia.

2. Defendants' Motion to Dismiss (ECF No. 4) is **DENIED AS MOOT**.

3. Defendants **SHALL** have sixty (60) days from the date this case is docketed in the United States District Court for the District of Columbia to file their Response.

A separate Order will ISSUE.

Date: December 8, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE